IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

CYNTHIA STERNBERG, § 
 § 
 Plaintiff, § 
 § 
v. § CIVIL ACTION NO. H-19-1665
 § 
METLIFE INSURANCE COMPANY, § 
 § 
 Defendant. § 

**MEMORANDUM OPINION AND ORDER**

Plaintiff Cynthia Sternberg ("Plaintiff") sued defendant Metropolitan Life Insurance Company[1] ("MetLife") alleging that MetLife wrongfully withheld disability benefits.[2] Pending before the court is Defendant Metropolitan Life Insurance Company's 12(b)(6) Motion to Dismiss and Brief in Support ("MetLife's Motion") (Docket Entry No. 4). For the reasons explained below, MetLife's Motion will be granted and this action will be dismissed.

**I. Factual and Procedural Background**

This is an ERISA action for disability benefits. At all times relevant to this action Plaintiff was a covered beneficiary under

---

[1]Plaintiff incorrectly sued "MetLife Insurance Company" instead of Metropolitan Life Insurance Company.

[2]See Plaintiff's Amended Complaint ("Amended Complaint"), Docket Entry No. 3, p. 1 ¶ 1. [All page numbers for docket entries in the record refer to the pagination inserted at the top of the page by the court's electronic filing system, CM/ECF.]

the Baker Hughes, Incorporated Long Term Disability Plan ("the Plan").[3] Plaintiff obtained coverage under the Plan through her employment with Baker Hughes, Incorporated ("Baker Hughes").[4] Baker Hughes is the Plan's administrator.[5] "MetLife is the claim administrator and it issued the group policy that funds [long-term disability] benefits under the Plan."[6]

Plaintiff became disabled on September 10, 2013.[7] Plaintiff's disability prevents her from working.[8] She filed a request for short-term disability benefits, which was granted, and a request for long-term disability benefits, which was denied.[9] Plaintiff

---

[3]See id. at 1 ¶ 2.

[4]See id. at 1 ¶ 3.

[5]See Defendant Metropolitan Life Insurance Company's Reply to Plaintiff's Opposition to Defendant's 12(b)(6) Motion to Dismiss ("MetLife's Reply"), Docket Entry No. 10, p. 3 ("Baker Hughes Inc. was Plaintiff's employer and the Plan administrator."). Under ERISA a plan's "administrator" is either (1) the person designated as such in the plan or (2) if the plan fails to designate an administrator, the plan's sponsor. See 29 U.S.C. § 1002(16)(A). The Plan does not designate an "administrator." See Plan, Exhibit 1 to MetLife's Motion, Docket Entry No. 4-1. Baker Hughes is therefore the Plan's administrator because it is the Plan's sponsor. See 29 U.S.C. § 1002(16)(B) (defining "plan sponsor" as "the employer in the case of an employee benefit plan established or maintained by a single employer").

[6]See MetLife's Motion, Docket Entry No. 4, p. 1.

[7]See Amended Complaint, Docket Entry No. 3, p. 3 ¶ 17.

[8]See id. at 5 ¶ 30.

[9]See id. at 3-4 ¶¶ 18-21. In her Amended Complaint, Plaintiff claims that MetLife denied her claim for long-term disability benefits. In her response to MetLife's Motion, however, Plaintiff argues that MetLife approved and began paying long-term disability
(continued...)

timely appealed denial of her claim for long-term disability benefits, but MetLife upheld the termination of Plaintiff's claim on June 5, 2015.[10]

Plaintiff filed her original complaint on May 1, 2019 -- nearly four years after MetLife upheld the termination of Plaintiff's claim for long-term disability benefits.[11] MetLife filed its Motion to Dismiss on July 16, 2019, alleging that Plaintiff's claim is time-barred by a contractual limitations period in the Plan.[12] Plaintiff responded on August 6, 2019.[13] MetLife replied on August 13, 2019.[14]

## II. Standard of Review

The Federal Rules of Civil Procedure permit dismissal when a plaintiff fails to state a claim upon which relief can be granted.

---

[9](...continued)
benefits and then subsequently terminated those benefits. See Opposition to Metropolitan Life Insurance Company's 12(b)(6) Motion to Dismiss ("Plaintiff's Response"), Docket Entry No. 8, p. 2. There is no indication that MetLife ever approved Plaintiff's claim for long-term disability benefits.

[10]See MetLife's Motion, Docket Entry No. 4, p. 3 ("After considering Plaintiff's appeal, MetLife upheld the termination of Plaintiff's claim on June 5, 2015.").

[11]See Complaint for a Civil Case, Docket Entry No. 1.

[12]See MetLife's Motion, Docket Entry No. 4.

[13]See Plaintiff's Response, Docket Entry No. 8.

[14]See MetLife's Reply, Docket Entry No. 10.

Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion tests the formal sufficiency of the pleadings and is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001), cert. denied sub nom. Cloud v. United States, 122 S. Ct. 2665 (2002). To defeat a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). In ruling on a Rule 12(b)(6) motion the court must "accept the plaintiff's well-pleaded facts as true and view them in the light most favorable to the plaintiff." Chauvin v. State Farm Fire & Casualty Co., 495 F.3d 232, 237 (5th Cir. 2007).

### III. Analysis

This action is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq. It is permissible for ERISA plans to contain reasonable provisions that limit, between the parties, the time for bringing an action based on the plan. See Heimeshoff v. Hartford Life & Accident Insurance Co., 134 S. Ct. 604, 610-16 (2013) (upholding as enforceable a three-year contractual limitations period in an ERISA plan). The parties to the plan can agree not only to the length of the applicable limitations period but also to when the limitations period will begin to run. Id. at 611. "The principle that contractual limitations provisions ordinarily should be enforced as

written is especially appropriate when enforcing an ERISA plan" because "[e]mployers have large leeway to design disability and other welfare plans as they see fit." See id. at 611-12 (internal citations and quotation marks omitted).

MetLife argues that this action is time-barred by the Plan's limitations period. The Plan provides that "[a] legal action on a claim may only be brought against [MetLife] during a certain period. This period begins 60 days after the date Proof is filed and ends 3 years after the date such Proof is required."[15] The Plan required Plaintiff to submit Proof to MetLife "not later than 90 days after the date of loss."[16] The Plan also contains an Elimination Period beginning on the day the claimant becomes disabled and continuing for 180 days or the short-term disability benefit period, whichever is greater.[17]

Plaintiff became disabled on September 10, 2013. It is unclear when Plaintiff submitted the required Proof to MetLife, so the court is unable to determine when the limitations period began to run. MetLife argues that the latest possible date Proof could be required under the Plan was June 9, 2014 -- 90 days after the conclusion of the 180-day Elimination Period.[18] MetLife argues that Plaintiff's right to sue it under the Plan therefore expired, at

---

[15]See Plan, Exhibit 1 to MetLife's Motion, Docket Entry No. 4-1, p. 47.

[16]See id. at 46.

[17]See id. at 21, 24.

[18]See MetLife's Motion, Docket Entry No. 4, p. 3.

the latest, on June 9, 2017. Plaintiff argues that the limitations period began to run on June 5, 2015, when MetLife upheld termination of her claim.[19] But Plaintiff cites nothing in the Plan that would permit measuring the running of limitations from this date. The court is persuaded by MetLife's argument that the limitations period expired no later than June 9, 2017. Moreover, even if the three-year limitations period began to run when MetLife upheld termination of Plaintiff's claim on June 5, 2015, Plaintiff's claim is still time-barred because Plaintiff did not file this action until May 1, 2019. Plaintiff does not argue that the limitations period in the Plan is unreasonable, and the Supreme Court has held that a similar contractual limitations period in an ERISA plan was enforceable. See Heimeshoff, 134 S. Ct. at 612-16. Plaintiff's claim against MetLife is therefore time-barred by the Plan's limitations period.[20]

Plaintiff invokes the equitable principles of fraudulent concealment and equitable estoppel to argue that the Plan's limitations period should be tolled because MetLife refused to

---

[19] See Plaintiff's Response, Docket Entry No. 8, p. 7.

[20] Plaintiff argues that Texas's four-year statute of limitations for breach of contract actions should apply to her claim against MetLife. See Plaintiff's Response, Docket Entry No. 8, p. 5. But Plaintiff filed her breach of contract claim under ERISA's civil enforcement statute and has plead no state law claims in her Amended Complaint. There is no basis for applying Texas law's four-year statute of limitations.

provide her with a copy of her claim file.[21] The doctrine of fraudulent concealment tolls a statute of limitations when a defendant knowingly conceals facts from a plaintiff that are necessary to support a claim. See Abecassis v. Wyatt, 902 F. Supp. 2d 881, 897 (S.D. Tex. 2012). To establish an equitable estoppel claim in an ERISA action the plaintiff must demonstrate: "(1) a material misrepresentation; (2) reasonable and detrimental reliance upon the representation; and (3) extraordinary circumstances." See Piecznski v. Dril-Quip, Inc. Long Term Disability Plan, 354 F. App'x 207, 211 (5th Cir. 2009) (internal citations and quotation marks omitted).

ERISA has procedures to ensure that information about an ERISA plan is accessible to its participants. For example, ERISA requires plan administrators to "upon written request of any participant or beneficiary, furnish a copy of the latest updated summary, plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated." See 29 U.S.C. § 1024(b)(4). Plan administrators who fail to timely provide participants with requested plan information are subject to statutory penalties. See id. § 1132(c)(1).

Plaintiff argues that MetLife "unscrupulously concealed the [P]lan documents and the altered and reduced statute of

---

[21]See Plaintiff's Response, Docket Entry No. 8, pp. 5-8.

limitations" in the Plan.²² As the Plan's administrator, Baker Hughes was required to provide information on the Plan to Plaintiff upon a written request by Plaintiff. See 29 U.S.C. § 1024(b)(4). Plaintiff cites no authority requiring MetLife to provide her with information about the Plan. Nor is there any evidence that MetLife attempted to conceal the limitations period from Plaintiff. The evidence presented by MetLife shows the opposite: MetLife sent Plaintiff a letter upholding denial of her claim and reminding her that "[t]he [P]lan may limit the period of time [she] may have in which to file a civil action."²³ There is also no evidence that MetLife "altered and reduced" the Plan's limitations period.

Plaintiff has not shown that MetLife fraudulently concealed the Plan (or its three-year limitations period on civil actions). There is also no indication that MetLife made a material misrepresentation to Plaintiff regarding the terms of the Plan entitling her to equitable estoppel. No equitable remedy is available to Plaintiff to toll the Plan's limitations period. Plaintiff's ERISA breach of contract claim against MetLife is therefore time-barred by the Plan's limitations period.²⁴

---

²²See Plaintiff's Response, Docket Entry No. 8, p. 1.

²³See MetLife Letter from Patience Seitz to Cynthia Sternberg [June 5, 2015], Exhibit 2 to MetLife's Motion, Docket Entry No. 4-2, p. 5.

²⁴The evidentiary objections in MetLife's Reply are moot in
(continued...)

## IV. Conclusion

For the reasons explained above, Plaintiff's claim against MetLife is time barred by the contractual limitations period contained in the Plan. Defendant Metropolitan Life Insurance Company's 12(b)(6) Motion to Dismiss (Docket Entry No. 4) is therefore **GRANTED**. This action will be dismissed with prejudice in a separate final judgment.

**SIGNED** at Houston, Texas, on this the 30th day of August, 2019.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

---

[24](...continued)
light of the court's ruling on MetLife's Motion. See MetLife's Reply, Docket Entry No. 10, p. 5. Even if the court were to consider the evidence cited by Plaintiff in her Response, Plaintiff is unable to show that she is entitled to equitable estoppel or that MetLife fraudulently concealed the Plan's limitations period.